UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HUB INTERNATIONAL MIDWEST LIMITED,

Plaintiff,

v.

Case No. 2:26-cv-2338-KCD-KRH

JUSTIN SORENSEN, ALLIANT INSURANCE SERVICES, INC.,

Defendants.

______________________________/

**ORDER**

Plaintiff HUB International Midwest Limited sues a former employee, Justin Sorensen, and his new employer, Alliant Insurance Services, Inc., for violating restrictive covenants and interfering with HUB's business relationships. (Doc. 1.)[1]Before the Court is HUB's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 2.) HUB seeks an order "enjoining [Sorensen] and all persons acting in concert or participation with him from violating [the] restrictive covenants." (*Id.* at 1.)

To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). Additionally, a court may issue injunctive relief without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Courts generally consider "whether the movant has shown adequate justification for such ex parte relief before addressing whether the movant has met the four-pronged test. *See, e.g., Lara v. Moghraby*, No. 8:19-cv-2798, 2019 WL 6487321, at *1 (M.D. Fla. Dec. 3, 2019); *Gardner v. Metz*, 8:18-cv-2843, 2018 WL 6061447, at *2 (M.D. Fla. Nov. 20, 2018). "The stringent restrictions imposed by ... [Rule 65] on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an

opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Loc. No. 70*, 415 U.S. 423, 438-39 (1974).

HUB has not satisfied the procedural requirements needed for a temporary restraining order. There is no certification of any efforts made to provide notice of the motion *before its filing* or the reasons why such notice should be excused. "So the Court denies the motion." *Colella v. Rogers*, No. 5:25-CV-293-SPC-PRL, 2025 WL 1370200, at *1 (M.D. Fla. May 12, 2025). The Court will hold the preliminary injunction portion of the motion in abeyance pending notice to Defendants and an opportunity to respond. Defendants must respond to the motion for preliminary injunction (Doc. 2) within **SEVEN DAYS** of their appearance in this case. Plaintiff is directed to provide a copy of this order to Defendants.

**ORDERED** in Fort Myers, Florida on August 12, 2026.

Kyle C. Dudek
United States District Judge